177 P.3d 406

**Douglas Joel AHO, Plaintiff–Appellant**

v.

**IDAHO TRANSPORTATION DEPARTMENT OF the STATE of Idaho, Defendant–Respondent.**

No. 33837.

Court of Appeals of Idaho.

Jan. 29, 2008.

---

Sallaz & Gatewood, Chtd., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Michael J. Kane, Special Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Douglas Joel Aho filed a petition for review of an Idaho Transportation Department order suspending Aho's driver's license. The district court dismissed the petition after Aho failed to file a brief within the time limit specified by the court's scheduling order. Aho filed a motion to set aside the dismissal, which the district court denied, and Aho appeals. We vacate the order denying Aho's motion to set aside the dismissal, and we remand for further proceedings.

## I.

## BACKGROUND

Aho was arrested for driving under the influence, and his breath test showed an alcohol concentration in excess of the legal limit. Because this was Aho's second failure of an alcohol concentration test within five years, his driver's license was administratively suspended for one year pursuant to Idaho Code §§ 18–8004A(2)(d) and 18–8002A(4)(a)(ii). Aho requested a hearing with the Idaho Transportation Department (I.T.D.) to contest the suspension. The hearing officer rejected Aho's challenges and sustained the suspension. Aho then filed a petition for judicial review of the hearing officer's decision pursuant to Idaho Code § 18–8002A(8).

On August 18, 2006, the district court entered a scheduling order, pursuant to I.R.C.P. 84(p), scheduling a hearing for November 3, 2006, requiring Aho to file a brief in support of his petition by October 20, 2006, and requiring I.T.D.'s responsive brief by October 27, 2006. Aho did not timely file his brief, and on October 26, I.T.D. filed a motion to dismiss the petition as a sanction for Aho's violation of the scheduling order. The following Monday, October 30, 2006, the district court granted I.T.D.'s motion.

On November 13, 2006, Aho's attorney of record, Dennis Sallaz, filed a motion to set aside the dismissal order and for an extension of time to file Aho's brief. The motion was accompanied by attorney Sallaz's affidavit stating that because of preexisting commitments he had retained attorney R.S. as outside counsel to prepare Aho's brief. Sallaz's affidavit further stated he learned on October 24, 2006, that the brief had not been filed because R.S.'s wife had been diagnosed with cancer and R.S. had become preoccupied with her treatment. Sallaz further averred that upon learning that the brief had not been filed, he had immediately assigned another attorney, G.Q., to handle the matter and that G.Q. "is currently preparing said brief for immediate filing in an effort to comply with the order of the court." Sallaz requested a fourteen-day extension within which to file the brief.

Aho's motion to vacate the dismissal was set for hearing on November 30, 2006. On that day, neither Sallaz nor G.Q. appeared, but a different attorney from Sallaz's firm argued the motion. At the conclusion of the hearing the district court declined to set aside the dismissal. Aho appeals.

## II.

## ANALYSIS

Aho first asserts that the district court erred by granting the Department's motion to dismiss before the time for Aho's response to that motion had expired. We agree. When a petition for judicial review of an administrative agency's order is before a district court, a party opposing a motion "shall have fourteen (14) days from the service to file a response or reply brief." I.R.C.P. 84(o). Here, the district court erred by granting the Department's motion four days after it was served by mail. This proce-

dural error does not call for relief on appeal, however, because Aho filed a motion in the district court to set aside the dismissal order, and thereby took an opportunity to present his evidence and argument opposing the dismissal.[1] The district court's failure to allow Aho time to respond to the Department's dismissal order has been cured by the proceedings on Aho's subsequent motion to set aside the dismissal, for the merit of Aho's position on the Department's motion to dismiss has been heard and considered by the district court. *See Ponderosa Paint Mfg., Inc. v. Yack,* 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct.App.1994).

Aho next argues that the district court erred in denying his motion to vacate the dismissal because Aho's attorney provided a satisfactory explanation for his failure to timely file a brief and because the Department suffered no prejudice from the late filing. In reviewing this issue, we apply the provisions of I.R.C.P. 84, which governs proceedings on petitions for judicial review of administrative agency decisions.

Rule 84(n) provides that a party's failure to comply with a time limit in the process of judicial review, except for the failure to timely file a petition or cross-petition for judicial review, is not jurisdictional, but may be grounds for a sanction as the district court deems appropriate, which may include dismissal of the petition. Whether to impose a sanction, and the choice of sanction, is thus committed to the district court's discretion. *Cf. Day v. CIBA Geigy Corp.,* 115 Idaho 1015, 1017, 772 P.2d 222, 224 (1989) (holding that district court's dismissal under I.R.C.P. 41(b) for plaintiff's delays was reviewed for abuse of discretion).

We find no Idaho authority interpreting or applying Rule 84(n) or otherwise addressing a litigant's failure to take timely action in a proceeding for judicial review of an agency decision. There is, however, abundant case law addressing the analogous circumstances of dismissal of an appeal and dismissal of a civil action in the trial court as a consequence of the appellant's or plaintiff's failure to meet

deadlines established by rule or court order. These authorities indicate that dismissal is a sanction that should be used sparingly and generally only when the delay has prejudiced the opposing party.

In *Bunn v. Bunn,* 99 Idaho 710, 587 P.2d 1245 (1978), the district court dismissed an intermediate appeal in a divorce action because the appellant did not timely pay the court reporter's fee for preparation of a transcript. The Idaho Supreme Court reversed the dismissal, noting a strong public policy "in favor of hearing appeals on their merits and of not depriving a party of his right of appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith." *Id.* at 711, 587 P.2d at 1246 (quoting *Brown v. Guy,* 167 Cal.App.2d 211, 334 P.2d 67, 69–70 (Dist.Ct.App.1959)). The Court also stated that I.R.C.P. 1, directing that the civil rules be "liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding," means a determination of the controversy on the merits, not a termination on a procedural technicality. *Bunn,* 99 Idaho at 712, 587 P.2d at 1247. This directive of Rule 1 will ordinarily preclude dismissal of an appeal for a technical noncompliance, the Court said, especially where no prejudice is shown from any delay. *Id.* Indeed, the Court indicated that some proof of prejudice is generally a prerequisite to dismissal of an appeal. *Id.* at 713, 587 P.2d at 1248. Consequently, the Court held that the district court's dismissal of the intermediate appeal was not justified, as there was no asserted prejudice, the appellant's delay had not been inordinate, and an excuse had been tendered. In reaching its decision in *Bunn,* the Supreme Court suggested that lesser sanctions, such as withholding of costs, could have been considered. *Id.* at 712, 587 P.2d at 1247. Likewise, in *McNett v. McNett,* 95 Idaho 59, 501 P.2d 1059 (1972), the Supreme Court denied the respondent's argument for dismissal of the appeal as a sanction for the appellant's failure to comply with appellate deadlines, in-

---

1. Aho's motion to set aside was in substance a petition for rehearing that was authorized by

I.R.C.P. 84(t).

cluding the deadline for filing the appellant's brief.

Other case law similarly holds that dismissal of a civil action pursuant to I.R.C.P. 41(b) as a sanction for failure to prosecute or meet deadlines should not be ordered in the absence of a demonstration of prejudice to the opponent. In *Day*, the Supreme Court distinguished between a dismissal that is ordered as a sanction for the plaintiff's delays and dismissals to cull inactive or dormant cases from the trial court's calendar. The Court held that when it is a sanction that is at issue, the trial court should consider three factors—the length of the plaintiff's delay, any justification for the delay, and the resultant prejudice to the defendant. *Day*, 115 Idaho at 1017, 772 P.2d at 224. The Court emphasized the importance of the third factor:

> It is an abuse of discretion to use the power of dismissal *to punish* a period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay. The rule places key emphasis upon demonstrated prejudice to the defendant's ability to present a defense rather than upon the length of the period of delay *per se*.

*Id.* at 1018, 772 P.2d at 225 (emphasis in original).

In *Gerstner v. Washington Water Power Co.*, 122 Idaho 673, 837 P.2d 799 (1992), the Court extensively reviewed prior appellate opinions discussing standards applicable to dismissals under Rule 41(b) for delays in prosecution and reiterated the principles set forth in *Day*. In addition, the Court emphasized that prejudice may not be presumed to follow from unexcused and unreasonable delay. The Court said:

> Regardless of whether current inactivity, or a prior period of inactivity, has prompted the moving party to request the court to dismiss a case, we believe it is an abuse of discretion to "punish a period of delay"

where the defendant has not established prejudice stemming from the delay.

> Prejudice is an essential factor in the three-part deliberation process; it must exist regardless of the length of the delay and rationale for the delay. Prejudice must consist of more than general concerns about the passage of time and its effect on the memories of witnesses and the ability to prepare a case. There must be actual, demonstrated prejudice to the moving party.

*Id.* at 677, 837 P.2d at 803. In *Aberdeen–Springfield Canal Co. v. Peiper*, 133 Idaho 82, 982 P.2d 917 (1999), the Supreme Court again emphatically declared that prejudice is an essential factor to justify a dismissal, requiring "actual, demonstrated prejudice to the moving party." *Id.* at 93, 982 P.2d at 928 (quoting *Gerstner*, 122 Idaho at 677, 837 P.2d at 803).[2] *See also Systems Assoc., Inc. v. Motorola Commc'n & Elec., Inc.*, 116 Idaho 615, 618–20, 778 P.2d 737, 740–742 (1989) (holding that it was error for the trial court to use the power of dismissal to punish a period of delay that no longer persisted where the defendant had not established prejudice resulting from the delay).

In view of the foregoing authorities, we conclude that the district court erred in dismissing Aho's petition. The delay occasioned by his counsel's lapses was very slight-Aho's brief was only six days overdue when I.T.D. filed its motion to dismiss, and the hearing at which the district court denied Aho's motion to set aside the dismissal took place only forty-one days after the brief's due date. Admittedly, the "justification for the delay" factor does not entirely weigh in Aho's favor. On the one hand, a legitimate explanation was presented for the failure of the outside attorney, R.S., to meet the briefing deadline, as his attention had been diverted by his wife's serious illness. On the other hand, no explanation is given for attorney Sallaz's failure to promptly move for an extension of the

**2.** At a casual reading, *Everhart v. Washington County Rd. & Bridge Dep't*, 130 Idaho 273, 277, 939 P.2d 849, 853 (1997), might be viewed as stepping back from the necessity of the showing of actual prejudice to justify a Rule 41(b) dismissal for failure to prosecute. On close examination, however, it is evident that in *Everhart*, the Court was not reviewing a dismissal under Rule 41 as a sanction for delay or failure to prosecute. Rather, it was a dismissal upon a representation by plaintiff's counsel that the plaintiff would not be prepared for the scheduled trial and would not call witnesses, and hence would not be able to meet her burden of proof.

briefing schedule before the dismissal was entered-as his affidavit acknowledges that he was aware that R.S. had missed the briefing deadline two days before I.T.D. even filed its dismissal motion. Further, when attorney Sallaz filed a motion to set aside the dismissal some two weeks after its entry, he did not proffer the brief that was due on October 20 but, rather, asked for an *additional* fourteen days for the briefing. From the record before us we cannot determine whether the tardy brief had yet been proffered as of the November 30 hearing. Nevertheless, because I.T.D. has identified no prejudice occasioned by the delay in Aho's briefing, and because Supreme Court authority is clear that dismissal as a sanction is not permitted absent such prejudice, we must reverse the district court's order denying Aho's motion to set aside the dismissal. On remand, the district court may consider lesser sanctions as authorized by I.R.C.P. 84(n), including an award against Aho and/or his attorney for I.T.D.'s expenses incurred as a consequence of Aho's noncompliance with the briefing schedule. *See State v. Stradley*, 127 Idaho 203, 210–12, 899 P.2d 416, 423–25 (1995) (upholding an award of costs and attorney fees against the defendant's attorney personally as a sanction for a discovery violation).

The order of the district court denying Aho's motion to set aside the dismissal order and extend the briefing deadline is reversed, and this matter is remanded to the district court for further proceedings.

Chief Judge GUTIERREZ and Judge PERRY concur.