**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45102**

| | | |
|---|---|---|
| **MARTIN BETTWIESER,** | ) | **2018 Unpublished Opinion No. 434** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: April 24, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **CODY MONROE, CM BACKCOUNTRY** | ) | **THIS IS AN UNPUBLISHED** |
| **RENTALS, and SHELBY MONROE,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendants-Respondents.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Jason D. Scott, District Judge; Hon. Roger E. Cockerille, Magistrate.

Order denying motion to modify scheduling order and dismissing intermediate appeal, <u>affirmed</u>; order denying motion to modify, reconsider, set aside, vacate, alter, and/or amend judgment, <u>affirmed</u>.

Martin Bettwieser, Boise, pro se appellant.

Cody Monroe, CM Backcountry Rentals, and Shelby Monroe, McCall, respondents, did not participate on appeal.

_____

GUTIERREZ, Judge

Martin Bettwieser appeals from the district court's order denying his motion to modify the scheduling order and dismissing his intermediate appeal, as well as the district court's order denying his motion to modify, reconsider, set aside, vacate, alter, and/or amend the judgment. Bettwieser contends the district court abused its discretion in dismissing his intermediate appeal because it applied an incorrect legal standard. Bettwieser also challenges the jurisdiction of this Court. For the following reasons, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying action involves a small claims case that was dismissed with prejudice after Bettwieser failed to appear at trial before the magistrate. After the case was dismissed, Bettwieser filed a motion to vacate and reconsider, as well as a motion to correct the record; the magistrate denied both motions. Bettwieser then appealed to a second magistrate, which dismissed the appeal. Bettwieser then filed a motion to reconsider/set aside the judgment dismissing the small claims case and the denial of his motion to correct the record, which was denied by the magistrate. Bettwieser filed an appeal with the district court. After the district court dismissed his appeal, Bettwieser appealed to the Supreme Court, which assigned the appeal to this Court. Because the various orders from which Bettwieser appealed were not validly filed final orders, this Court held that Bettwieser's notice of appeal from these various orders was prematurely filed. *Bettwieser v. Monroe*, Docket No. 43070 (Ct. App. May 9, 2016) (unpublished). Accordingly, we remanded the case to the district court.

On remand, the magistrate once again denied Bettwieser's motion to reconsider/set aside the judgment dismissing the small claims case, noting that Bettwieser could challenge this denial in district court. Bettwieser appealed to the district court. The district court issued an order establishing appellate procedure, which informed Bettwieser that his opening brief was due on March 13, 2017. On March 8, 2017, Bettwieser moved to modify the order establishing appellate procedure by having the district court hold a de novo proceeding or remand the case to the magistrate for an evidentiary hearing to complete the record for the appeals process. On March 14, 2017, the district court denied Bettwieser's motion to modify the order establishing appellate procedure and dismissed the appeal, sua sponte, because Bettwieser did not file his opening brief by the deadline. In response, Bettwieser filed a motion to modify, reconsider, set aside, vacate, alter, and/or amend the district court's order denying motion to modify and dismissing appeal, which the district court denied. Bettwieser timely appealed.

# II.

## ANALYSIS

### A.     Jurisdiction

We first address Bettwieser's argument that this Court lacks jurisdiction to hear his appeal. On May 31, 2017, the Supreme Court set August 2, 2017, as the due date for the clerk's

record. The clerk's certificate of service states that the record was sent to Bettwieser on June 28, 2017. Though the certificate of service uses the word "sent," Bettwieser explains in his brief that service of the record was effected via certified mail with return receipt requested. On July 31, 2017, Bettwieser filed a motion to extend time for the filing of the clerk's record because the due date for the clerk's record was within twenty-eight days of when he claims he received the record, which he claims was on July 12, 2017. Bettwieser then filed an objection to the clerk's record on appeal, arguing that because this Court's prior opinion was readily available to the Supreme Court, he should not have been assessed costs to have it included in the record. The Supreme Court did not reach the merits of this objection, as it denied Bettwieser's motion to extend time and filed the clerk's record on August 28, 2017.

Pursuant to Idaho Appellate Rule 29(a), parties involved in an appeal have twenty-eight days from the date of service of the clerk's record within which to file objections to the record, including requests for corrections, additions, or deletions. If no objections are filed within the twenty-eight-day time period, the record shall be deemed settled. Service of the clerk's record may be by personal delivery or by mail. If service is made by mail, it shall be accompanied by a certificate indicating the date of mailing.

In his opening brief, Bettwieser argues that certified mail with return receipt requested is best considered personal service, meaning the date he received the record, not the date it was mailed, would be the date of service for purposes of I.A.R. 29(a). Because the date Bettwieser allegedly received the clerk's record via certified mail was within twenty-eight days of the record due date, Bettwieser asserts that he was not given proper notice or time to object to the clerk's record. Bettwieser further contends that the court's failure to extend time to settle the record and consider his objection has created a situation where the record is not properly settled. Without a properly settled record, Bettwieser argues that the Supreme Court, and therefore this Court, lacks jurisdiction.

We need not reach the merits of Bettwieser's arguments as he has not provided any evidence contradicting the clerk's certificate of service, which reflects that the clerk's record was sent to Bettwieser more than twenty-eight days before the clerk's record was due. Though Bettwieser alleges that he received the record by certified mail on July 12, 2017, he did not provide any proof that he in fact received the record by certified mail on July 12, 2017. As we are limited to the evidence presented to us in the record, we must presume that Bettwieser was

3

served on June 28, 2017, as the clerk's certificate of service reflects. *See Lamar Corp. v. City of Twin Falls,* 133 Idaho 36, 40, 981 P.2d 1146, 1150 (1999) ("[T]he Supreme Court cannot consider items outside of the record on appeal."); *Action Collection Serv., Inc. v. Haught*, 146 Idaho 300, 303, 193 P.3d 460, 464 (Ct. App. 2008) ("It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal."). Accordingly, Bettwieser failed to object to the record within the twenty-eight-day time period provided by I.A.R. 29(a), meaning the record is properly settled, and thus this Court has jurisdiction to hear the appeal.

**B.      Failure to Comply With Order Establishing Appellate Procedure**

In its order dismissing the appeal, the district court emphasized that Bettwieser moved to modify the order establishing appellate procedure without seeking relief from the deadline to file his opening brief. In its order denying Bettwieser's subsequent motion to modify, reconsider, set aside, vacate, alter and/or remand, the district court further explained that nothing in the order establishing appellate procedure stated or implied that deadlines would be tolled if a motion to modify was filed. Though none of Bettwieser's requested modifications involved extending the deadline for filing the opening brief, if either of the modifications had been granted, the need for filing an opening brief would have been obviated because the "modifications" sought were to hold a de novo proceeding or remand for an evidentiary hearing, thereby ending the appeal. Accordingly, Bettwieser contends that a motion to modify an order serves to toll the briefing deadlines contained in that order.

Bettwieser frames the issue on appeal as whether the district court abused its discretion when it dismissed his appeal. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). Here, Bettwieser argues that the district court ignored applicable legal standards and erroneously relied on *State v. Langdon*, 117 Idaho 115, 785 P.2d 679 (Ct. App. 1990) in dismissing the appeal.

The district court's reliance on Idaho Rule of Civil Procedure 83(m) and *Langdon* was not erroneous, as those sources grant the district court the power to dismiss an appeal sua sponte

4

if a party fails to act timely; but Bettwieser is correct that *Langdon* did not address whether a motion to modify tolls deadlines set by an order establishing appellate procedure. Neither the district court nor Bettwieser have cited to any authority standing for the proposition that filing a motion to modify does or does not toll deadlines. Nevertheless, as we explain below, the district court was correct in its conclusion that the mere filing of a motion to modify does not free the moving party from its obligation to meet filing deadlines.

The cases to which Bettwieser cites are inapplicable as they apply to the tolling effect of motions to alter judgment made under I.R.C.P. 59(e) and motions for new trial under I.R.C.P. 59(a) on the limitations period for when a notice of appeal must be filed. *See State v. Goodrich*, 104 Idaho 469, 471, 660 P.2d 934, 936 (1983) ("It is also a well settled rule that a timely motion to alter or amend a judgment tolls the time for appeal from the order until a ruling is made on the motion to alter or amend it."); *Wheeler v. McIntyre*, 100 Idaho 286, 290, 596 P.2d 798, 802 (1979) ("Since the motion for new trial, motion to alter judgment, and objections to judgment, findings and conclusions were untimely, they do not terminate the running of the 42 days in which to file notice of appeal."). Unlike failure to timely file an appeal, which is jurisdictional and requires automatic dismissal of a case, failure to timely file briefs will result in whatever sanction the court deems appropriate. The district court, in determining what sanction is appropriate, should consider the length of the plaintiff's delay, any justification for the delay, and the resultant prejudice to the defendant. *Aho v. Idaho Transp. Dep't*, 145 Idaho 192, 195, 177 P.3d 406, 409 (Ct. App. 2008).[1] It is an abuse of discretion for a district court to use its power of dismissal to punish a missed deadline if no prejudice resulting from the delay has been shown. *Id.* Accordingly, parties appealing from a district court's dismissal of their intermediate appeal due to failure to strictly adhere to deadlines set by an order establishing appellate procedure should not argue for equitable tolling, but rather that the district court abused its discretion, as equitable tolling is only necessary when the dismissal is mandatory due to the deadline being jurisdictional.

Therefore, we hold that a party is not excused from compliance with scheduling deadlines merely because a party moves to modify the scheduling order. While Bettwieser has asserted

---

[1]  Although *Aho v. Idaho Transp. Dep't*, 145 Idaho 192, 195, 177 P.3d 406, 409 (Ct. App. 2008) stemmed from a dismissal pursuant to I.R.C.P. 84(n), which applies to district court review of agency actions, its reasoning is equally applicable to district court review of magistrate decisions under I.R.C.P. 83.

that the district court abused its discretion, he has not established an abuse of discretion under the relevant criteria. Bettwieser may have shown that Monroe did not suffer any prejudice due to the delay. However, Bettwieser did not show that the district court abused its discretion by dismissing Bettwieser's intermediate appeal on the grounds that the delay was justified or the defendant suffered no prejudice. Accordingly, the district court's dismissal of Bettwieser's appeal was within its discretion in accordance with I.R.C.P. 83(m) and *Langdon*.

## III.

## CONCLUSION

We hold that the record is properly settled, thus granting this Court jurisdiction over this appeal. Furthermore, we hold that the district court did not abuse its discretion by dismissing Bettwieser's appeal and denying Bettwieser's motion to modify, reconsider, set aside, vacate, alter, and/or amend the judgment. Accordingly, the district court's orders are affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.