(No. 4855. May 22, 1928.)

HENRY McCULLOUGH, Appellant, v. ELEANOR
CUTHBERT, Respondent.

[267 Pac. 828.]

C. W. Morrison and C. A. Bandel, for Appellant.

F. A. McCall, for Respondent.

BRINCK, Commissioner.—In April, 1923, the respondent, Eleanor Cuthbert, leased to appellant, Henry McCullough, certain farm lands for a term of three years, and the appellant went into possession. On October 23, 1924, at a time when appellant was engaged in plowing the land so leased, respondent went upon the premises and told him she was not satisfied with his farming and that she had another renter; that she wanted appellant to stop plowing and to vacate the premises; and that if he did not surrender possession she would sue him. Appellant discontinued plowing until October 30, 1924, when he again began to plow, and on that day respondent again visited him and served on him a notice reciting that he had failed to keep the covenants of the lease, and that by reason of such breach she elected to declare the lease null and void, and demanded possession of the premises. Appellant thereupon ceased plowing but refused to vacate the premises, and in the following spring continued his farming operations. In December, 1924, respondent brought suit against appellant in the district court, alleging the lease and a large number of breaches of the covenants thereof on the part of appellant, and praying for cancelation of the lease, possession of the premises and damages for their withholding. In that suit, judgment was rendered for the appellant.

Appellant brought this action to recover damages on the theory that respondent's conduct, as above stated, constituted a breach of a covenant for quiet enjoyment of the

premises, alleged to have been implied in the written lease, and prayed damages generally in the sum of $1,000. The respondent answered the complaint, and the cause went to trial, and after appellant had rested his case, respondent's motion for nonsuit was granted and judgment entered for her, from which judgment this appeal was taken.

Appellant, relying upon what he contends to be defective denials in the answer, moved for judgment upon the pleadings, and the denial of that motion by the trial court is the subject of appellant's first assignment of error. This motion was not made until after appellant had rested his case. Defects in the answer were waived by his introduction of evidence, and the motion for judgment on the pleadings was too late. (*Conant v. Jones*, 3 Ida. 606, 32 Pac. 250; *Joyce v. Rubin*, 23 Ida. 296, 130 Pac. 793; *Lovell v. Wentworth*, 39 Ohio St. 614.)

Appellant next assigns as error the denial of his motion, made after he had rested his case, for permission to amend his pleadings to conform to the proof; and also assigns as error the granting of nonsuit. The proposed amendment attempted to set out as special damages items of damage concerning which the court had permitted evidence over respondent's objection that they were not specially pleaded, and also attempted to allege that the former action had been commenced maliciously and wrongfully, and to vex, annoy and harass plaintiff. The court refused to permit the amendment, apparently because he considered appellant had failed to prove any cause of action.

It is generally held that a covenant for quiet enjoyment is implied in a contract of lease (36 C. J. 74), but to effect a breach of such covenant there must be an eviction either actual or constructive; and even if it be deemed that an eviction can exist without the actual expulsion of the tenant from the premises, or the abandonment of the premises by him, there must at least be acts actually interfering with his possession or enjoyment of the premises. (Ibid., p. 79; Jones on Landlord & Tenant, sec. 354.)

The appellant at all times after the acts of respondent which are complained of remained in full possession of the premises, and occupied all of them to the same extent as he had previously done. While he temporarily suspended farming operations upon respondent's demand for possession and threat of suit, he did not yield possession of any part of the premises; and his suspension of the plowing was not compelled by any act of respondent, but was voluntary on appellant's part, and the operation was resumed by him at will. His actual beneficial enjoyment of the premises was not disturbed in such a way as to amount to a breach of the covenant for quiet enjoyment.

It is contended, however, that the bringing of the former suit by respondent amounted to such breach, and that appellant was damaged at least to the extent of the attorney's fees and expenses incurred by him in that suit. Where a lease contained an express covenant against eviction by suit, it was held that the bringing of an ejectment suit without reasonable cause and maliciously, constituted a breach of the covenant. (*Paddell v. Janes*, 90 Misc. Rep. 146, 152 N. Y. Supp. 948.) And where a grantor in a deed brought action to have the conveyance set aside for fraud in its procurement, it was held that the bringing of such action without probable cause and maliciously was a breach of a simple covenant for quiet enjoyment contained in the deed. (*Akerly v. Vilas*, 23 Wis. 207, 99 Am. Dec. 165.) In *Levitzky v. Canning*, 33 Cal. 299, a lessee brought action for damages against the lessor, for damages for breach of an express covenant for quiet enjoyment, which breach was alleged to consist of publicly giving out and pretending that the plaintiff had no right to possess the demised premises, and of bringing two actions at law to recover possession of the premises, one of which was dismissed and the other of which resulted in judgment for the lessee, as a result of which actions plaintiff's subtenants, doubting the lawfulness of the plaintiff's possession, had quit the premises, leaving them vacant, and the plaintiff was unable to let to other parties. It was held that the lessor had, by such acts,

committed a breach of the covenant for quiet enjoyment, and that his good faith and lack of malice in bringing the former suits were immaterial, and did not constitute a defense to the action for damages. It is pointed out in *Agar v. Winslow,* 123 Cal. 587, 69 Am. St. 84, 56 Pac. 422, that in *Levitzky v. Canning* the acts complained of as amounting to an eviction had the effect of making the tenants of the lessee quit the premises, leaving them vacant; and in *Black v. Knight,* 176 Cal. 722, 169 Pac. 332, L. R. A. 1918C, 319, the supreme court of California, in commenting on the Levitzky case, after reciting the facts thereof, says:

"But that there must be an actual deprivation of the beneficial enjoyment of the premises to constitute an eviction was emphatically stated, and the case is not authority for the proposition that the mere institution and prosecution, by the landlord, even to judgment, of an unlawful detainer action, in good faith and without malice, can be held to constitute an invasion of the beneficial enjoyment of the premises guaranteed the tenant by his covenant for quiet enjoyment."

In the case last cited it was held that where, pending an appeal from a judgment in favor of the landlord in an unlawful detainer action, the tenant unlawfully surrendered possession of the premises, there was no eviction effecting a breach of the covenant for quiet enjoyment, although it might amount to such termination of the lease as would relieve the tenant from further liability for rent; and that the mere prosecution in judgment, by the landlord, of an unlawful detainer action, in good faith and without malice, for the purpose of obtaining a judicial determination of the question whether he is entitled to possession by reason of some default on the part of the tenant, is not an eviction.

 If a landlord who, without malice and with probable cause, brings an action for possession of the premises because of what he in good faith deems to be violations of the lessee's covenants, thereby subjects himself to damages in case he fails to establish his cause of action, landlords would be deterred from appealing to the courts to vindicate

their rights unless they are absolutely certain of success. It is the policy of the law that courts of justice should be open to all persons who desire to have questions as to personal and property rights adjudicated. (*Porter v. Johnson*, 96 Ga. 145, 23 S. E. 123; *Hegan Mantel Co. v. Cook's Admr.* (Ky.), 57 S. W. 929.) And such a suit, with probable cause and without malice, does not in itself constitute a breach of an implied covenant for quiet enjoyment, where the tenant retains possession of the premises. (*International Trust Co. v. Schumann*, 158 Mass. 287, 33 N. E. 509; *Morris v. Battey*, 33 Ga. App. 422, 126 S. E. 854.)

In the case at bar, although the amendment offered to conform to proof of alleged malice and want of probable cause in the former action, there was no evidence supporting such allegations. Neither malice nor want of probable cause was shown, and these could not be inferred from the mere failure of the respondent to recover in the former action. (38 C. J. 419; *Long v. Burley State Bank*, 30 Ida. 392, 165 Pac. 1119.) It is clear there was here no eviction, actual or constructive, and there is no theory upon which appellant made out a case for the recovery of damages. The court properly denied the offered amendment and granted the nonsuit.

Error is also assigned in the denial of appellant's application to reopen the case to allow him to testify to his actual dispossession by respondent of a portion of the land leased. However, the appellant, in making such application, gave no indication that he would so testify; and in order to so testify, appellant would have had to contradict his own previous testimony to the contrary. This assignment is without merit.

We recommend the affirmance of the judgment, with costs to respondent.

Varian and Baker, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.