193 P.3d 460

**ACTION COLLECTION SERVICE, INC., an Idaho corporation, Plaintiff,**

v.

**Matthew HAUGHT and Emily Clegg, Defendants–Third Party Plaintiffs–Respondents,**

and

**Chapman Enterprises, Inc. dba Chapman Properties, Third Party Defendant–Appellant.**

**Action Collection Service, Inc., an Idaho Corporation, Plaintiff–Appellant,**

v.

**Matthew Haught and Emily Clegg, Defendants–Third Party Plaintiffs–Respondents,**

and

**Chapman Enterprises, Inc., dba Chapman Properties, Third Party Defendant.**

Nos. 34043, 34159.

Court of Appeals of Idaho.

Aug. 14, 2008.

Neal & Uhl, PLLC, Boise. Gary L. Neal argued for appellant Chapman Enterprises, Inc.

Shearer & Bonney, P.C., Boise. Shaun R. Bonney argued for appellant Action Collection Service, Inc.

Campbell and Walterscheid, LLP, Boise. Matthew C. Campbell argued for respondents. Allen W. Walterscheid appeared.

GUTIERREZ, Chief Judge.

In these consolidated appeals, Action Collection Service, Inc., and Chapman Enterprises, Inc., appeal from the district court's order reinstating the third-party complaint filed against Chapman Enterprises, Inc. We reverse and remand.

## I.

## BACKGROUND

Matthew Haught and Emily Clegg entered into a rental agreement with Chapman Enterprises, Inc. (Chapman) for the lease of a residential property in Boise. Haught and Clegg informed Chapman of their intent to vacate the property following the end of the lease. Because their accrued rent was not paid in full, Chapman assigned their account to Action Collection Service, Inc. (Action). After several unsuccessful attempts to resolve the account, Action filed a complaint against Haught and Clegg to collect the outstanding debt arising from the rental agreement. Haught and Clegg answered, asserting Chapman's failure to return their security deposit as required by Idaho Code § 6–321 as an affirmative defense and claiming a set-off. The following day, Haught and Clegg filed a third-party complaint against Chapman, alleging a violation of I.C. § 6–321 and seeking treble damages pursuant to I.C. § 6–317.[1] Haught and Clegg subsequently moved to join Chapman as a plaintiff in the suit brought by Action pursuant to Idaho Rule of Civil Procedure 19. Chapman answered the third-party complaint, challenging Haught and Clegg's standing to bring the claim without first providing three days' notice as required by I.C. § 6–320(d), and moved to dismiss the complaint with prejudice.

---

1. Haught and Clegg asserted violations of I.C. § 6–321. That section instructs landlords as to what a security deposit is, how it can be used, and the time frame within which it must be returned after a tenant vacates the leased premises. Idaho Code § 6–320(a)(4) provides a cause of action for the failure of a landlord to comply with I.C. § 6–321, provided that prior written notice of the claim has been given to the landlord as required by I.C. § 6–320(d).

The magistrate dismissed Haught and Clegg's third-party complaint for failure to comply with the three-day notice provision of I.C. § 6–320(d). The magistrate rejected Haught and Clegg's contention that *Young v. Scott,* 108 Idaho 506, 700 P.2d 128 (Ct.App.1985), eliminated the notice requirement for their claim. Haught and Clegg appealed to the district court, which reversed the magistrate's order of dismissal on the theory that the third-party complaint was actually a counterclaim, which did not "commence an action" and was therefore exempt from the notice requirement. Action and Chapman now appeal.

## II.

### DISCUSSION

■■■ On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet,* 145 Idaho 670, 183 P.3d 758, 760 (2008). We review the magistrate's findings to determine whether they are supported by substantial and competent evidence. *Id.*

Action and Chapman together claim three reasons why the district court erred in reversing the magistrate's dismissal of the third-party complaint. First, Action argues that Haught and Clegg's claim against Chapman is moot because the security deposit has been refunded. Chapman, agreeing with this proposition, also contends that the third-party complaint was invalid because of Haught and Clegg's failure to verify it prior to filing. Third, both Action and Chapman assert that *Young v. Scott* does not control the outcome of this case and that notice was required pursuant to I.C. § 6–320(d) before Haught and Clegg could properly file their third-party complaint.

### A. Mootness and the Verified Complaint

■■■ Action asserts that Haught and Clegg served the required notice on Chapman after the magistrate's dismissal. Chapman forthwith complied with the statutory requirements of I.C. § 6–321 by returning the security deposit to Haught and Clegg within the three days specified in I.C. § 6–320(d). Therefore, it is argued that Haught and Clegg have no basis on which to proceed with their third-party complaint as the security deposit issue is now moot. However, as Haught and Clegg correctly point out, there is insufficient evidence in the record to support Action's assertions. The record does not show the magistrate was ever presented with notice of the payment and there is no record that the district court ruled on the mootness issue on intermediate appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers,* 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct.App.1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Therefore, we will not consider Action's claim of mootness further.

Chapman further asserts that Haught and Clegg's complaint was properly dismissed because it was not verified when it was filed. Haught and Clegg attempted to remedy this oversight by filing an independent verification of the third-party complaint with the court several days after the initial filing. We do not need to address this issue based on our ultimate conclusion that the third-party complaint was properly dismissed by the magistrate for other reasons.

### B. Three Days' Notice Was Required Pursuant to Idaho Code Section 6–320(d)

■■■ Haught and Clegg assert that I.C. § 6–320(d) makes clear that they were not required to provide three days' notice prior to filing their third-party complaint because it was actually a counterclaim, and therefore did not "commence an action." The interpretation of a statute is an issue of law over which we exercise free review. *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct.App.1999). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Corder,* 133 Idaho at 358, 986 P.2d at 1024. The plain meaning of a statute will prevail unless clearly expressed

legislative intent is contrary or unless the plain meaning leads to absurd results. *Watkins Family*, 118 Idaho at 540, 797 P.2d at 1388; *Corder*, 133 Idaho at 358, 986 P.2d at 1024.

Idaho Code section 6–320(d) states:

Before a tenant shall have *standing to file an action* under this section, he must give his landlord three (3) days written notice, listing each failure or breach upon which his action will be premised and written demand requiring performance or cure. If, within three (3) days after service of the notice, any listed failure or breach has not been performed or cured by the landlord, the tenant may proceed *to commence an action* for damages and specific performance.

I.C. § 6–320(d) (emphasis added).

The parties focus their arguments on the definitions of what constitutes a complaint, a third-party complaint, and a counterclaim. However, this focus on the manner of pleading of the case instead of on the substance of the claims being raised is misguided. The legislative intent and policy underlying the I.C. § 6–320(d) notice requirement makes the resolution of this case less complicated. It was clearly the legislature's intent that a landlord must be given notice of any claim that the landlord has breached any duty under I.C. §§ 6–320 or 6–321, allowing at least three days within which to cure, before the landlord may be subjected to the expense and inconvenience of litigation or exposed to liability for the treble damages authorized by I.C. § 6–317. This is a minimal burden for a tenant to satisfy before suing a landlord, and it not only benefits landlords but also relieves the court system of unnecessary litigation. This legislative intent would not be served by an interpretation of the statute that allows tenants to file claims against landlords in a judicial proceeding in any guise, whether termed a complaint, counterclaim or third-party complaint, without first giving the requisite notice. If the statute were read as argued by Haught and Clegg, a tenant who has been sued by a collection agency and files an independent civil complaint against the landlord for failure to return the security deposit, then moves to consolidate the two cases, would be required to comply with the notice requirement because he filed an action. A tenant who files a third-party complaint to join the landlord would not be bound by the notice requirement because he has only filed a claim. Such an outcome creates an anomaly within the rule by treating landlords differently on the basis of the legal sophistication of the tenants. Interpreting the statute in such fashion leads to absurd results.

■ The words in I.C. § 6–320(d), "[b]efore a tenant shall have *standing to file an action* under this section," refers in a generic sense to the filing of any pleading that would initiate a claim against the landlord, regardless of the title of the pleading. Allowing a tenant to file a counterclaim or third-party complaint without the three-day notice would unfairly subject landlords to treble damages for violations of I.C. § 6–320(a) of which they may have no knowledge, such as failing to repair a leaking roof, I.C. § 6–320(a)(1), or failing to maintain electrical, plumbing, heating, ventilating, cooling, or sanitary facilities in good working order, I.C. § 6–320(a)(2). This would not comport with the legislative purpose underlying the three-day notice provision and would be fundamentally unjust.

■ Here, Haught and Clegg, as former tenants of Chapman, raised a claim that Chapman failed to return their security deposit or provide an accounting as required by I.C. § 6–321. Bringing a claim under I.C. § 6–320(a)(4) triggers the responsibility of providing three days' notice to the landlord pursuant to I.C. § 6–320(d), regardless of the form in which the claim is brought. Our decision in *Young v. Scott*, 108 Idaho 506, 700 P.2d 128, is not to the contrary. In that case we held that:

The tenants did not "file an action." Rather, they responded by way of answer and counterclaim to an action brought by the landlords. The landlords' complaint did not allege forcible entry or unlawful detainer. It sought to collect rent and to recover other losses from tenants no longer in possession. Moreover, the tenants' counterclaim did not allege that the landlords had failed to make the premises habitable or to return a security deposit.

It sought damages for constructive eviction and wrongful termination of the lease, due to the landlords' failure to complete the remodeling of a commercial facility in the time and manner prescribed by the lease agreement. Neither the complaint nor the counterclaim fell within the purview of title 6, chapter 3.

108 Idaho at 509, 700 P.2d at 131. Our distinction between a complaint and counterclaim in that case is merely *dicta*. The tenants' claims in *Young* did not allege any of the types of claims referenced in I.C. § 6–320 and therefore were not subject to the notice requirement of § 6–320(d). Haught and Clegg's claims, however, do fall within the purview of title 6, chapter 3 of the Idaho Code, and therefore are subject to the notice requirement of I.C. § 6–320(d).

Accordingly, we hold that the district court erred by reversing the magistrate's order on the basis that Haught and Clegg filed a counterclaim. Haught's and Clegg's third-party complaint raised a claim against Chapman which required the service of the three-day notice set forth in I.C. § 6–320(d). The district court erred by concluding that no notice was required.

### III.

### ATTORNEY FEES

 Action, Chapman, and Haught and Clegg all seek attorney fees on appeal. Attorney fees can only be awarded to a prevailing party. In order to determine who is a prevailing party, the Court must look to the "final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(1), (e)(1); *see also Chadderdon v. King,* 104 Idaho 406, 411–12, 659 P.2d 160, 165–66 (Ct.App.1983) (considering the presence and absence of awards of affirmative relief in determining which party prevailed). Haught and Clegg are not a prevailing party on appeal, and therefore are not entitled to attorney fees. Action and Chapman are prevailing parties as both sought the dismissal of Haught and Clegg's third-party complaint against Chapman.

 Action and Chapman seek attorney fees on several grounds. Action requests attorney fees pursuant to I.C. § 12–120(1). That section provides that "in any

[civil] action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees." Action's claim against Haught and Clegg was for damages in the amount of $942.17, clearly under the twenty-five thousand dollar limit. Therefore, Action is entitled to attorney fees on appeal as a prevailing party pursuant to I.C. § 12–120(1). Chapman seeks attorney fees pursuant to I.C. § 6–324. That section provides that "[i]n any action brought under the provisions of this chapter, except in those cases where treble damages are awarded, the prevailing party shall be entitled to an award of attorney fees." The third-party complaint, which was the subject of this appeal, was brought under title 6, chapter 3, and therefore Chapman is entitled to attorney fees on appeal as the prevailing party pursuant to I.C. § 6–324. Although Chapman and Action also seek attorney fees on the basis of I.C. §§ 12–120(3), and 12–121, and the lease contract, whether attorney fees could be awarded under those provisions does not need to be addressed.

### IV.

### CONCLUSION

The district court erred by declaring Haught and Clegg's third-party complaint a counterclaim, obviating the need for notice pursuant to I.C. § 6–320(d). Haught and Clegg's claims fell within the purview of title 6, chapter 3 of the Idaho Code, and therefore they were required to provide Chapman with three days' notice prior to initiating a claim or cause of action for return of the security deposit. The district court's order is reversed and this case is remanded for further proceedings consistent with this opinion. Chapman and Action are entitled to attorney fees and to costs pursuant to Idaho Appellate Rule 40 on appeal.

Judge LANSING and Judge PERRY concur.