**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42265**

| | | |
|---|---|---|
| **WILLIAM DASHAN REKOW,** | ) | 2015 Opinion No. 43 |
| | ) | |
| **Plaintiff-Appellant,** | ) | Filed: July 14, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **RONALD WEEKES,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Susan E. Wiebe, District Judge.

Judgment of the district court, vacated, and case remanded.

William Dashan Rekow, Emmett, pro se appellant.

Moore, Smith, Buxton & Turcke, Chtd.; Jill S. Holinka, Boise, for respondent.

_____

GUTIERREZ, Judge

William Dashan Rekow appeals pro se from the judgment of the district court in favor of Ronald Weekes, Rekow's former landlord. Rekow commenced an action seeking, among other things, damages and specific performance for Weekes's alleged violation of Idaho's statutory version of the implied warranty of habitability. On appeal, Rekow argues that the district court erred by granting summary judgment in part when the court determined that he could not seek damages before he gave the required written notice. For the reasons that follow, we vacate and remand.

**I.**

**FACTS AND PROCEDURE**

In 2008, Rekow entered into a month-to-month oral lease agreement with Weekes to rent a farmhouse on property owned by Weekes in Gem County.[1] The farmhouse was "rundown," as

_____

[1] We derive most of the facts from the record in this case because Rekow did not provide a statement of facts. The record reveals that Rekow was Weekes's employee for some period of

1

Weekes would later acknowledge, and according to Rekow there were problems with the roof leaking and the water pump not working, among other issues during his tenancy. In September 2012, Weekes's attorney sent a notice to Rekow informing Rekow that the rent would be increasing.

Two days after the increase-of-rent notice, Rekow gave Weekes's attorney a letter listing several defects. The copy of the letter attached to the complaint indicated that there were problems with the water supply, the roof, and the windows, among other things.[2] Approximately a month later, Rekow filed a pro se, verified complaint that alleged violations of the implied warranty of habitability, citing Idaho Code §§ 6-317 and 6-320. The complaint sought damages "for fifty-five (55) months of tenancy under the defective conditions," specific performance, and for Weekes to return certain pieces of personal property. Weekes answered and eventually filed what Weekes entitled a motion to dismiss, supported with affidavits and exhibits.[3]

The district court treated Weekes's motion to dismiss as a motion for summary judgment and granted summary judgment in part at a hearing. Relevant to this appeal, the district court announced that it was granting summary judgment to Weekes for Rekow's claim for damages under I.C. § 6-320 that accrued prior to the date of the written notice. But the district court found a material issue of fact remained with Rekow's claim for damages beginning on the date of the written notice and denied summary judgment with respect to that claim.

The matter proceeded to a bench trial at which Rekow presented testimony from himself as well as testimony from a former co-occupant of the farmhouse and Weekes. Following Rekow's presentation of evidence, Weekes's counsel asked for a directed verdict.[4] The district

---

time, possibly prior to renting the farmhouse, and that Rekow began living in the farmhouse with an employee of Weekes in 2007.

[2] The letter attached to the complaint is in a different format than a letter attached to a later-filed affidavit by Rekow. Nonetheless, it appears that the letters convey the same information.

[3] Between the filing of Rekow's complaint and Weekes's motion to dismiss, Weekes commenced a separate unlawful detainer action against Rekow. Weekes ultimately prevailed on the unlawful detainer action prior to the filing of the motion to dismiss.

[4] As Weekes's counsel later acknowledged in the order she drafted for the court, she should have moved for an involuntary dismissal. Although motions for directed verdict are

court granted Weekes's request via an oral pronouncement. Subsequently, the court signed an order drafted by Weekes's counsel that granted an involuntary dismissal--the correct procedural disposition--and later entered a judgment in favor of Weekes.[5] Rekow appeals, only challenging the district court's grant of summary judgment in part.

## II.

## ANALYSIS

The statute at the heart of Rekow's appeal, I.C. § 6-320, is "Idaho's statutory version of the implied warranty of habitability." *Jesse v. Lindsley*, 149 Idaho 70, 73, 233 P.3d 1, 4 (2008). It permits a tenant to file a complaint against a landlord for damages and specific performance for one or more of the six listed failures or breaches. I.C. § 6-320(a). Although I.C. § 6-320(a) provides a statutory cause of action, I.C. § 6-320(d) imposes a precondition before the tenant has "standing" to file a complaint asserting a claim under I.C. § 6-320. Idaho Code § 6-320(d) requires the tenant, before filing the complaint, to provide notice to the landlord and allow the landlord to cure the breach or failure. Specifically, it requires that the tenant give written notice "listing each failure or breach upon which his action will be premised and written demand requiring performance or cure." I.C. § 6-320(d). For each failure or breach listed in the notice that has not been cured by the landlord within three days after the notice was given, the tenant may then pursue a claim under I.C. § 6-320.

---

proper in jury trials, the judge does not render a verdict in a bench trial. *Spirit Ridge Mineral Springs, LLC v. Franklin Cnty.*, 157 Idaho 424, 426, 337 P.3d 583, 585 (2014). Hence, a motion for involuntary dismissal is the proper procedural motion when the defendant contends that "upon the facts and the law the plaintiff has shown no right to relief." Idaho Rule of Civil Procedure 41; *see Spirit Ridge Mineral Springs*, 157 Idaho at 426, 337 P.3d at 585.

[5] Here, the judgment does not begin with the words "JUDGMENT IS ENTERED AS FOLLOWS," as required by Idaho Rule of Civil Procedure 54(a). Although the district court's judgment does not comply with I.R.C.P. 54(a), we need not remand the case for entry of a new judgment. According to the February 12, 2015, order from the Idaho Supreme Court, any judgment entered before April 15, 2015, that was intended to be final but did not comply with I.R.C.P. 54(a), will be treated as a final judgment. Here, the judgment announced that it was awarding attorney fees and costs to Weekes, and thus was intended to be a final judgment. *See Camp v. East Fork Ditch Co.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002) (explaining that a final judgment is a separate document that states on its face the relief granted or denied). Because the noncompliant judgment was entered prior to April 15, 2015, and was intended to be a final judgment, we will treat it as a final judgment.

On appeal, Rekow argues that the district court erred by granting summary judgment in part when the court determined that he could not seek damages prior to the date of written notice. Rekow contends that "nowhere in [I.C. § 6-320(d)] does it specify, indicate or even intimate that a tenant has no damages before achieving standing to file." Weekes asserts that Rekow has waived his issue on appeal because he has not complied with Idaho Appellate Rule 35(a)(6). That appellate rule requires the argument section of the appellant's brief to "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). Although Rekow's opening brief does not satisfy the structural layout of a brief set forth in I.A.R. 35(a), Rekow's brief does state an issue along with the reasons Rekow raises the issue. Rekow also includes a table of cases and statutes, along with his summary of the case or statute and an argument as to why the case or statute is relevant to this appeal. Because the issue is clearly expressed and supported by argument and authority, we will consider the issue on appeal.[6]

The issue raised on appeal concerns the district court's grant of summary judgment in part, based on Rekow's complaint that sought damages for fifty-five months "of tenancy under the defective conditions." At the summary judgment hearing, the district court issued an oral ruling regarding Rekow's claim for damages:

> But with regard to money damages claimed by the plaintiff for living in the home, the plaintiff has claimed 55 months; however, he is required to give notice in writing to the landlord for repairs. That wasn't done until his letter of September 2012, so. And again, this is a summary judgment proceeding. I find that there is at least some disputed fact with regard to some claims for damages beginning or coming up after that September 2012 letter until he actually was evicted from the premises.
> Now, I understand that the defendant probably has an offset in terms of any rent, and I guess we'll sort that out. We may have to do that at trial.

---

[6] Weekes also asserts that the issues raised in the amended notice of appeal are untimely, and thus remarks that they should not be considered by this Court. Yet, the only issue in Rekow's briefing before this Court is an issue that was raised in the original notice of appeal and amended notice of appeal. And, in any event, whether Rekow raised other issues in his notices of appeal is irrelevant; Idaho Appellate Rule 17 permits a party to raise issues in his briefing that are different than those asserted in the notice of appeal. Thus, Weekes's assertion about the timeliness of the issues in the amended notice of appeal is irrelevant.

But that issue will remain. I won't grant the motion with regard to those damages. So it's only after the September 14th, 2012 written notice.

The Court also directed Weekes's counsel to draft an order capturing the court's ruling. The order expressed that Rekow's claim for damages before the date of the written notice was dismissed:

> The Court finds that there is no genuine issue of material fact that Plaintiff's claim for damages under Idaho Code § 6-320 did not arise until September 14, 2012, the date written notice of alleged defects was given to Defendant pursuant to Idaho Code § 6-320(d), and Defendant's Motion for Summary Judgment requesting dismissal of Plaintiff's claim for damages preceding that date is hereby GRANTED and such claim is DISMISSED.

Inherent in Rekow's argument on appeal is his characterization of the district court's ruling. Rekow characterizes the court's ruling as "interpreting [I.C. § 6-320(d)] as linking a tenant's right to standing file [*sic*] for damages directly to the date standing to file was achieved by service of a written notice of defects upon a landlord." That is why he argues that "nowhere in that subparagraph does it specify, indicate or even intimate that a tenant has no damages before achieving standing to file." Weekes counters that Rekow "misconstrues" the district court's findings. Weekes maintains that the district court properly determined that the damages predating the written notice were not foreseeable and that the court also properly limited Rekow's damages under the equitable doctrines asserted by Weekes. Weekes further explains in a footnote to his brief on appeal that the district court dismissed the claim simply because under the facts of the case Rekow was not entitled to the damages sought:

> Weekes does not suggest, nor did the District Court, that there can never be a situation where a tenant can recover damages for alleged defects occurring before written notice thereof was given. Rather, Weekes' position, implicit in the District Court's finding, is that under the undisputed facts of this case, Rekow was not entitled to five years' worth of damages.

Based on the oral pronouncement and written order, we are persuaded that the district court granted summary judgment upon its understanding that damages could only be awarded for those damages that occurred after the written notice was given. This characterization of the ruling, although contrasting Weekes's interpretation advanced on appeal, is consistent with the written order that Weekes's counsel drafted partially granting summary judgment. Weekes's assertion that the damages were not reasonably foreseeable was not addressed by the district

5

court in either the oral pronouncement or written ruling. Nor were the equitable doctrines advanced by Weekes. Because our characterization of the court's ruling is consistent with the issue advanced by Rekow, we now consider the issue.

Rekow's argument on appeal is simply that I.C. § 6-320(d) does not limit the damages available in a cause of action under I.C. § 6-320 to the date of the notice and onward. Because we must interpret I.C. § 6-320, we note that the interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011).

The notice provision of I.C. § 6-320 provides that notice is a condition precedent to the right to assert a cause of action under I.C. § 6-320. "Where notice is made a condition precedent by the . . . statute creating the right itself, such notice constitutes a condition on the right and an essential element of the cause of action." 1A C.J.S. *Actions* § 85 (2015). That is why a tenant must prove, as part of his case, that he "gave the landlord 'three (3) days written notice, listing each failure or breach upon which his action will be premised and written demand requiring performance or cure.'" *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 884, 42 P.3d 672, 677 (2002) (quoting I.C. § 6-320(d)). The tenant must also prove that "within the three-day period after the notice was given, the landlord did not remedy the failure or breach listed in the notice." *Id.* This Court has explained that the purpose of the notice provision, based on the plain language of the statute, is to allow a landlord to cure a breach before being subjected to treble damages and to also relieve the court system of unnecessary litigation:

> It was clearly the legislature's intent that a landlord must be given notice of any claim that the landlord has breached any duty under I.C. §§ 6-320 or 6-321, allowing at least three days within which to cure, before the landlord may be subjected to the expense and inconvenience of litigation or exposed to liability for the treble damages authorized by I.C. § 6-317. This is a minimal burden for a tenant to satisfy before suing a landlord, and it not only benefits landlords but also relieves the court system of unnecessary litigation.

*Action Collection Serv., Inc. v. Haught*, 146 Idaho 300, 304, 193 P.3d 460, 464 (Ct. App. 2008); *see also Silver Creek*, 136 Idaho at 884, 42 P.3d at 677 (holding that the purpose of the requirement of three (3) days written notice is to notify the landlord of a claimed failure or breach and to give him three days within which to remedy it).

6

Absent from the text of the notice provision is any language that directs or implies that damages awarded as a result of the complaint are limited to the date of the notice and onward. Rather, the notice provision in I.C. § 6-320(d) "acts as a specific limitation on a citizen's right to bring suit." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26 (1989) (construing a notice provision that requires sixty days' notice before an action may be commenced). The notice provision, in other words, is a hurdle that the tenant must clear before prosecuting the action. Indeed, in federal courts, the plaintiff's failure to comply with a notice provision like I.C. § 6-320(d) requires dismissal of the action. *See Hallstrom*, 493 U.S. at 31. Even though the tenant must prove, as part of his prima facie case, compliance with the notice provision and prove the landlord's failure to cure, *Silver Creek*, 136 Idaho at 884, 42 P.3d at 677, the notice provision does not define the damages available in the cause of action under I.C. § 6-320(a).

Rather, the damages are defined by what a failure or breach listed in I.C. § 6-320(a) represents: a breach of an implied contractual provision. The provisions of I.C. § 6-320(a) are "part of the lease," whether the lease agreement is in writing or is an oral contract between the parties. *See Silver Creek*, 136 Idaho at 884, 42 P.3d at 677 (recognizing that the provisions of I.C. § 6-320 "are part of the lease"); *cf. McCullough v. Cuthbert*, 46 Idaho 294, 299, 267 P. 828, 829 (1928) (noting that there is an implied covenant of quiet enjoyment in every lease); 1 TIFFANY REAL PROP. § 91 (3d ed. 2014) (explaining that a covenant for quiet enjoyment is "implied from the mere relation of landlord and tenant, independently of the presence of any particular words in the lease, and accordingly exists even in the case of an oral lease" (footnotes omitted)). Thus, when the landlord fails, for instance, "to provide reasonable waterproofing and weather protection of the premises," I.C. § 6-320(a)(1), the landlord has breached an implied provision in lease agreement. *See Silver Creek*, 136 Idaho at 884, 42 P.3d at 677.

Like other contractual breaches, the damages for a claim under I.C. § 6-320(a) are those that would be recovered for breach of contract. *Silver Creek*, 136 Idaho at 884, 42 P.3d at 677. The tenant may thus recover damages that "arise naturally from the breach and are reasonably foreseeable." *Id.* Because the damages arise from the breach, the breach is where the damages begin. To be sure, damages awarded to a tenant might be limited by a statute of limitations or, possibly, by an equitable defense, but the damages for which a tenant might recover do not begin

7

at the date of the notice, as the district court determined in this case.[7]  Accordingly, the district court erred by referencing the date of notice as the point from which damages flowed.  The district court thus erred by granting summary judgment as to Rekow's claim for damages under I.C. § 6-320 that accrued prior to the date of the written notice.

Finally, Weekes seeks attorney fees on appeal, citing I.C. §§ 6-324 and 12-121.  As he is not a prevailing party on appeal, he is not entitled to attorney fees under either section.  Rekow, however, is entitled costs as a matter of right, because he is the prevailing party.  I.A.R. 40.

## III.

## CONCLUSION

The district court erroneously determined that I.C. § 6-320 limited the damages Rekow could seek to the date of the notice and onward.  Rather, the damages begin when the implied contractual provision is breached.  Therefore, we vacate the judgment of the district court in favor of Weekes and remand the case for further proceedings consistent with this opinion. Because Rekow is the prevailing party, he is entitled to costs.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

---

[7] Given our disposition of the case, we do not express an opinion on whether the damages were limited by a statute of limitations or an equitable defense, as argued by Weekes.