**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 42978**

| | | |
|---|---|---|
| **LINELL BILLS, an individual,** | ) | **2016 Unpublished Opinion No. 661** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 26, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JON LOREN BILLS, an individual,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Lemhi County. Hon. Alan C. Stephens, District Judge.

Judgment of the district court, <u>remanded for further proceedings</u>.

Jon Loren Bills, Concho, Arizona, pro se appellant.

Wright Law Offices, PLLC; Steven J. Wright, Idaho Falls, for respondent.

_____

GRATTON, Judge

Jon Loren Bills ("Loren") appeals from the judgment of the district court in favor of his mother, Linell Bills ("Linell"). On appeal, Loren argues that the district court made an error in calculating the amount of the judgment against him. For the reasons set forth below, we remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Linell filed suit requesting that the district court perform an accounting/winding up of the business she shared with her son, Loren, and to find that Loren was unjustly enriched. Loren filed a counterclaim for breach of contract and requested an accounting. A jury found that a contract did exist between Linell and Loren, but that Linell did not breach the contract. The evidence submitted at trial established an accounting of the joint venture's assets. Accordingly, the district court entered a decision and order finding that a joint venture existed between Linell and Loren for the operation of a cattle ranch with ancillary farming activities. The district court

1

further found that the parties agreed to dissolution of the joint venture and, therefore, allocated the assets. Finally, the district court issued a judgment awarding $97,998.00 against Loren based on the unjust enrichment claim. Loren timely appeals.

## II.

## ANALYSIS

The issue on appeal is whether the district court erred by including the depreciation expense of the farm property in calculating the judgment against him. Linell asserts that Loren waived this issue on appeal because he did not comply with Idaho Appellate Rule 35(a)(6), but offers no substantive argument regarding the merits. She also requests an award of attorney fees incurred on appeal.

Idaho Appellate Rule 35(a)(6) requires the argument section of an appellant's brief to "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." Loren's appellate brief does not expressly cite to page numbers in the record and contains no citations to authorities. However, Loren's brief does state the sole issue and reasons for raising the issue. The brief also references a few specific documents contained in the record.[1] These documents were sufficiently identified and this Court had no difficulty in discerning the argument being presented. Although Loren did not cite to the record by page number, there is a finite number of relevant pages. Loren sufficiently directed this Court to the relevant documents and it was not necessary to comb the record to locate them. Further, citation to legal authority is unnecessary when the lone claim relates to an internal error in the district court's findings of fact and conclusions of law. Because Loren's brief presents the issue for review and supplies necessary arguments to address the issue, we will consider the issue on appeal. *See Rekow v. Weekes*, 158 Idaho 868, 871, 353 P.3d 1102, 1105 (Ct. App. 2015).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

---

[1] Copies of the documents are attached to his brief.

In making its determination related to allocation of the assets, the district court considered the parties' tax returns, which included IRS Form 4835 ("Farm Rental Income and Expenses") submitted by Linell. The district court stated in its findings of fact and conclusions of law:

> The tax returns of the parties, which have not been audited, but which were submitted to the IRS, are indicative of the ranch cash income and cash expenses of the parties over the respective years, except as noted below.
>
> a. *Depreciation expenses must be disregarded* on each tax return as these expenses are not cash expenses and there was no specific agreement between the parties to include depreciation expenses in the calculation of net profit of the ranch operation.

(Emphasis added.)

The district court found that:

(1) in 2008 Linell received $23,243.45 less in net profit of the joint venture than what she was entitled to receive by agreement of the parties;

(2) in 2009 Linell received $22,381.68 less than what she was entitled to receive; and

(3) in 2010 Linell received $28,776.00 less than what she was entitled to receive.

There appears to be an internal inconsistency in the calculation of the judgment against Loren. The district court stated in its findings that depreciation expense must be disregarded on the tax return, but the totals used for 2008 through 2010 in calculating the judgment ($23,243.45 in 2008, $22,381.68 in 2009, and $28,776.00 in 2010) include the $20,000.00 depreciation expense listed on line 12 of the tax form from each respective year. This Court is unable to resolve the inconsistency in the first instance and the district court should be given the opportunity to reconcile the issue. Therefore, we remand the case to the district court to rectify the inconsistency between the findings and the calculation of the judgment.

Finally, Linell seeks attorney fees on appeal citing Idaho Code § 12-120(3). An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). As Linell is not the prevailing party on appeal, she is not entitled to attorney fees.

3

## III.

## CONCLUSION

There appears to be an inconsistency in the calculation of the judgment against Loren which needs to be reconciled. Therefore, we remand the case to the district court for further proceedings consistent with this opinion. No attorney fees are awarded.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.