## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 40865

| | | |
|---|---|---|
| SPIRIT RIDGE MINERAL SPRINGS, LLC, a Wyoming limited liability company, | ) ) ) | Pocatello, May 2014 Term |
| Plaintiff-Appellant, | ) ) | 2014 Opinion No. 106 |
| v. | ) ) | Filed: October 29, 2014 |
| FRANKLIN COUNTY, | ) ) | Stephen Kenyon, Clerk |
| Defendant-Respondent. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Franklin County.  Hon. Mitchell W. Brown, District judge.

The district court's decision is <u>affirmed</u>.  Costs on appeal are <u>awarded</u> to respondent.

Atkin Law Offices, P.C., Clifton, Utah, attorneys for appellant. Blake S. Atkin argued.

Franklin County Prosecuting Attorney, Preston, attorney for respondent. Vic A. Pearson argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

Spirit Ridge Mineral Springs, LLC ("Spirit Ridge") appeals a judgment entered in favor of Franklin County dismissing Spirit Ridge's complaint which had requested abatement of a private nuisance and for an injunction against a gun range operated by Franklin County adjacent to its property. In a bench trial, the district court ruled that Spirit Ridge had failed to demonstrate that there was an ongoing and continuing nuisance at the time of the trial. Spirit Ridge appeals. We affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Franklin County owns and operates a gun range on a plateau adjacent to Spirit Ridge's property. The gun range generally was open to the public from daybreak until dusk. Franklin County employed a manager of the gun range to supervise the people using the range to some

extent, but he was not always present at the gun range. Franklin County posted and continually updated signs with various rules, guidelines, and directions about the use of the gun range.

On August 25, 2011, Spirit Ridge, through its manager, James Ridge, filed a complaint against Franklin County alleging that the shooting range was a private nuisance and that Spirit Ridge was entitled to have the shooting range abated. Spirit Ridge also prayed for a permanent injunction preventing Franklin County from using the range or allowing others to use the range.

At trial, Spirit Ridge presented evidence of several instances including the following: in 1999, shortly after James Ridge purchased the Spirit Ridge property, he was repairing a fence and was pelted with shotgun pellets. Mr. Ridge stated that he did not believe whoever was skeet shooting at the gun range was properly using the range. He testified that on or near December 23, 2000, he was speaking to his wife on the telephone while she was on the property. Mr. Ridge testified that he heard a loud "booming" in the background. Mr. Ridge walked his property but did not find any shell casings. Mr. Ridge did not know for certain what caused the booming noise in the background. Mr. Ridge testified also that on or near December 23, 2000, two men stepped over the fence on the gun range and onto his property and began firing at him, his wife, and their residence. Mr. Ridge testified that these men appeared to be on his property, not on the property of the gun range. Mr. Ridge stated that sometime around 2007 a neighbor climbed the berms on the gun range and shot across his property to another property two or three miles away. Mr. Ridge testified that he confronted his neighbor and told him that the conduct in shooting across his property was criminal. Mr. Ridge testified that in 2008, two of his horses were shot and killed. He asserted that the evidence clearly showed that bullet wounds were the cause of the horses' deaths; however, Mr. Ridge acknowledged on cross-examination that he did not know whether the bullets that killed the horses were fired from the vicinity of the gun range. Another witness, Deborah Fischer testified that in 2007 while she was repairing fences on the Spirit Ridge property, she heard ricocheting. The ricochets did not hit near her. She testified that they could have been gravel or sand. The next year, in 2008, someone was shooting a shotgun at the range. Shotgun pellets allegedly hit a truck being driven by Ms. Fischer and broke the windshield. Mr. Ridge and Ms. Fischer confronted a person coming from the gun range about the incident. Finally, before or near 2008, Jim Hull was working in a grove of trees to the north of the gun range when he heard shots fired. It seemed to him as though the shots went into the trees. Mr. Hull related that he has been in the area since that incident and has not had a similar experience.

After numerous complaints from Mr. Ridge, Franklin County temporarily closed the gun range. However, the locks were cut and the public began using the range again. Franklin County made some improvements to the gun range around 2008. The north berm of the gun range was improved and "built up a little" in 2008. Improvements were made on the rifle range berm, which included installing a back berm in 2008. The center shooting range was fully enclosed in 2008. Additionally, canopies and benches were installed to contain the shooter's field of vision. Mr. Ridge contends that the berm improvements did not stop the ricochets onto his property because the berms were not adequate and were made from tires and rubber. Mr. Ridge left Spirit Ridge in 2008 because of the alleged ricochets. He contended that he has been to the property since he left and has continued to experience ricochets.

Following Spirit Ridge's presentation of evidence at the trial, the district court granted Franklin County's motion for an involuntary dismissal of Spirit Ridge's complaint on the grounds that Spirit Ridge had failed to show an ongoing and continuing nuisance to be abated. The district court found that "[i]t's undisputed that on occasion slugs from firearms that have been discharged on the firing range can find their way outside the berms and outside the firing range and ultimately onto Mr. Ridge's property." However, the district court ruled that Spirit Ridge failed to show that the nuisance continued beyond 2008. Final judgment was entered on February, 28, 2013, from which Spirit Ridge timely filed a notice of appeal.

### III. ISSUES ON APPEAL

1. Whether the district court erred when it ruled in favor of Franklin County and against Spirit Ridge on the basis that the evidence did not establish an ongoing and continuous nuisance.
2. Whether Franklin County is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

At the conclusion of Spirit Ridge's presentation of evidence, Franklin County moved for a directed verdict pursuant to Rule 50(a) of the Idaho Rules of Civil Procedure. The district court also granted a directed verdict pursuant to Rule 50(a). We pause to note that, as a matter of procedure, however, a judge does not render a verdict in a bench trial. Therefore, a directed verdict at the close of the plaintiff's evidence in a bench trial is inappropriate. A directed verdict is defined as "A ruling by a trial judge *taking a case from the jury* because the evidence will permit only one reasonable verdict." Black's Law Dictionary, at 1791 (10th ed. 2014) (emphasis

added). The district court's decision dismissing the case therefore was properly an involuntary dismissal pursuant to I.R.C.P. 41(b). Accordingly, the standard for reviewing a dismissal pursuant to I.R.C.P. 41(b) will be applied in this appeal.

Idaho Rule of Civil Procedure 41(b) empowers a district court to dismiss a case after the plaintiff's presentation of the evidence at a trial without a jury:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

I.R.C.P. 41(b). "When a defendant moves for an involuntary dismissal at the close of the plaintiff's presentation in a non-jury case, the court sits as a trier of fact and is not required to construe all evidence and inferences to be drawn therefrom in the light most favorable to the plaintiff." *Keenan v. Brooks*, 100 Idaho 823, 825, 606 P.2d 473, 475 (1980). The district court is not limited in its evaluation of the evidence as it would be on a motion for a directed verdict; instead the district court may weigh the evidence. *Id.* A reviewing court will uphold factual findings made by the trial court in granting a motion for involuntary dismissal so long as those findings are not clearly erroneous. *Staggie v. Idaho Falls Consol. Hosps.,* 110 Idaho 349, 715 P.2d 1019 (Ct. App. 1986).

## V. ANALYSIS

### A. The District Court did not Err When it Granted Franklin County's Motion to Dismiss.

The district court granted Franklin County's motion to dismiss on the basis that Spirit Ridge failed to demonstrate a continuing nuisance beyond 2008. The district court noted that Spirit Ridge failed to prove that at the time of the trial the nuisance was in existence. Additionally, the district court disregarded Spirit Ridge's statements regarding the inadequacy of the berms and design of the gun range because they were not supported by expert testimony.

4

Spirit Ridge argues the district court erred because Spirit Ridge successfully demonstrated, and the district court acknowledged, that there was a nuisance because bullets and slugs escaped from the range and made it onto Spirit Ridge's property. Spirit Ridge argues that the burden was on Franklin County to demonstrate that it had abated the nuisance, which they argue it failed to demonstrate. Additionally, Spirit Ridge asserts that the nuisance did not stop in 2008; rather, Spirit Ridge notes that Mr. Ridge left the property for safety reasons in 2008. Spirit Ridge also points to the protocols adopted by the Franklin County Sheriff's Department for the protection of officers using the range, as evidence that the nuisance continued beyond 2008.

Franklin County submits that the district court did not err because Spirit Ridge failed to point to any particular incident since 2008 to support its claim of a nuisance. Franklin County also relies on the district court's determination that Spirit Ridge did not demonstrate any reckless, negligent, or intentional use of the firing range by a member of the community since 2008. Franklin County argues that the district court properly determined that there was no continuing and ongoing nuisance because all of the incidents reported by Mr. Ridge and his witnesses occurred before 2008. The district court specifically found with regard to the nuisance claim "that there has been absolutely no evidence of an ongoing problem with respect to individuals who are frequenting the gun range, the Franklin County gun range, violating the rules, violating the law, committing intentional negligent acts that have caused harm to Mr. Ridge, to Mr. Ridge's property, or to the quiet enjoyment of his property." The district court concluded that Spirit Ridge "has failed to establish that in February of 2013 there is an ongoing and continuing nuisance being operated by Franklin County" by way of the firing range.

A nuisance is defined by Idaho statute as follows:

> Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance.

I.C. § 52-101. A party may pursue a private nuisance action where it is neither a public nor moral nuisance. I.C. § 52-107. Neither the Idaho Code nor the Restatement expressly defines a nuisance as being ongoing and continuing. *See* I.C. § 52-102, *et seq.*; Restatement (Second) of Torts, § 822. However, early cases from this Court and other authority indicate that nuisances have an element of persistence. *See State v. Sawtooth Men's Club*, 59 Idaho 616, 85 P.2d 695 (1938); *Collins v. Olin Corp.*, 418 F. Supp. 2d 34, 54 (D. Conn. 2006); Black's Law Dictionary,

5

at 1233 (10th ed. 2014) (defining nuisance as a "persistent activity."). Once a party establishes the existence of a nuisance, the defendants are entitled to an opportunity to demonstrate that the nuisance has abated. *See* I.C. § 52-109; *Lyon v. Cascade Commodities Corp.*, 94 Idaho 714, 718, 496 P.2d 951, 955 (1972). This Court has noted that the burden of proof is on the person claiming they will be injured by an alleged nuisance activity to show a "clear case supporting his right to relief." *Larsen v. Village of Lava Hot Springs*, 88 Idaho 64, 73, 396 P.2d 471, 473 (1964).

We hold that the district court did not err when it granted Franklin County's motion to dismiss Spirit Ridge's nuisance claim. Spirit Ridge presented a variety of incidents to support its allegation of a nuisance; however, all of these incidents occurred more than five years prior to the date of the trial. Spirit Ridge failed to produce adequate evidence regarding the details of these alleged intrusions on its property and speculates about the timing, cause, location, and frequency of the intrusions. For example, Spirit Ridge suggested that its horses were killed by activities on the gun range, however, there was no evidence establishing who killed the horses, that the horses were actually shot by anyone using the gun range or any other circumstances under which the horses died. Additionally, Spirit Ridge challenged the design and location of the gun range, but Spirit Ridge did not offer any expert testimony to support its assertions that the gun range was defectively designed, other than through Mr. Ridge's lay opinion.

Mr. Ridge testified that he left the property in 2008. Spirit Ridge did not have any evidence that the nuisance did not abate after Mr. Ridge left. Spirit Ridge points to the testimony of deputy sheriffs that after 2008, the Sheriff's Department's protocol was to close the gun range to the public during officers' training because of a concern about ricochets. However, the officers indicated that the reason for the closing of the gun range to the public was because the gun range was made up of long, medium, and close range shooting areas. When the officers were training on the close range shooting area, they did not want other users shooting from behind them. Such a practice does not render the design of the shooting range defective, contrary to Spirit Ridge's suggestion.

We conclude that the district court's dismissal of Spirit Ridge's nuisance claim on the basis that the nuisance did not continue beyond 2008 was supported by substantial and competent evidence. Furthermore, having failed to establish an existing nuisance, Spirit Ridge was not entitled to injunctive relief.

**B.      Franklin County is not Entitled to Attorney Fees on Appeal.**

Franklin County requests an award of attorney fees on appeal as the prevailing party pursuant to Idaho Code sections 12-121 and 12-123, and Idaho Appellate Rule 41. Franklin County argues that this appeal was brought frivolously, unreasonably, and without adequate foundation.  We disagree.  The appeal by Spirit Ridge asserted a fairly debatable position concerning the support in the evidence for the district court's dismissal of the action, such that we cannot say, with an abiding belief that this appeal was brought unreasonably, frivolously, or without adequate foundation.  *Garner v. Povey,* 151 Idaho 462, 259 P.3d 608 (2011); *C & G, Inc. v. Rule*, 131 Idaho 763, 769, 25 P.3d 76, 82 (2001).

### VI. CONCLUSION

The district court properly dismissed Spirit Ridge's claims because of a lack evidence to show that a nuisance existed after 2008. The judgment of dismissal is affirmed. Franklin County is entitled to costs on appeal.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.