NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30011 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-046-DCN |
| v. | |
| MICHAEL LANCE DAVIS, AKA Michael Scott Davis, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted March 6, 2020
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK,** District Judge.

Michael Davis pleaded guilty to unlawful possession of a firearm in violation

of 18 U.S.C. § 922(g)(1) and possession of methamphetamine with intent to

distribute in violation of 21 U.S.C. § 841(a)(1). His plea agreement included an

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul C. Huck, Senior United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

appeal waiver, which contained an exception preserving the right to appeal if "[t]he sentence imposed by the court exceeds the statutory maximum[.]" At sentencing, the district court determined that Davis was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three predicate offenses, including an Idaho conviction for delivery of a controlled substance. Davis objected to this determination on the ground that his Idaho delivery conviction did not qualify as a "serious drug offense." The district court overruled the objection and sentenced Davis to 170 months[1] in prison followed by 5 years of supervised release. For the reasons that follow, we affirm the district court's determination that Davis's Idaho conviction for delivery of a controlled substance qualifies as a "serious drug offense" under the ACCA.

We reject the government's argument and hold that Davis did not waive his right to appeal an improper ACCA designation and sentence. *See United States v. Pollard*, 850 F.3d 1038, 1041 (9th Cir. 2017) ("even a valid appellate waiver does not prevent courts from reviewing an illegal sentence, that is, one that exceeds the permissible statutory penalty for the crime or violates the Constitution" (internal citation and quotation marks omitted)); *United States v. Tighe*, 266 F.3d 1187, 1195 (9th Cir. 2001) (holding that a sentence for a § 922(g) conviction based on an

---

[1] The district court sentenced Davis below the ACCA mandatory minimum of fifteen years because it granted a downward departure for "substantial assistance" pursuant to United States Sentencing Guidelines Section 5K1.1.

incorrect ACCA designation was "in excess of the applicable statutory maximum" of "10 years").

Under the ACCA, an individual convicted of being a felon in possession of a firearm is subject to a fifteen-year mandatory minimum sentence and maximum of life imprisonment if that individual has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A).

To determine whether a prior state conviction qualifies as an ACCA "serious drug offense," courts apply the *Kawashima*[2] categorical approach. *Shular v. United States*, 140 S. Ct. 779, 784–85 (2020). Rather than comparing the elements of the state offense to a federal generic offense, the *Kawashima* categorical approach

---

[2] *Kawashima v. Holder*, 565 U.S. 478 (2012).

requires courts to "ask whether the state offense's elements necessarily entail one of the types of *conduct* identified in § 924(e)(2)(A)(ii)." *Id.* at 784 (internal citation and quotation marks omitted). Therefore, the question for this Court is whether Idaho delivery of a controlled substance "necessarily entails" manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance.

Davis was convicted under Idaho Statute section 37-2732(a), which states that "it is unlawful for any person to . . . deliver, or possess with intent to . . . deliver, a controlled substance." I.C. § 37-2732(a). To violate this statute, one must necessarily engage in conduct "involving" distribution of a controlled substance. This holds true under Idaho's accomplice liability theory as well. Contrary to Davis's assertion, one cannot be convicted as an accomplice under this statute for "merely soliciting delivery." Idaho accomplice liability requires that the substantive crime actually be committed, *i.e.*, that a controlled substance be distributed. *See Rome v. State*, 431 P.3d 242, 253 (Idaho 2018) (explaining that Idaho's "aiding-and-abetting statute . . . requires that the person actively participate in the commission [of] the crime in some manner and have the specific intent that the crime be committed"). Thus, Davis's conviction for Idaho delivery of a controlled substance necessarily involved distribution of a controlled substance and, as such, qualifies as a "serious drug offense" under the ACCA.

Davis's final argument does not alter this conclusion. Davis contends that Idaho delivery of methamphetamine does not qualify as a "serious drug offense" because, at the time of Davis's delivery conviction, Idaho's definition of methamphetamine included all isomers of methamphetamine, while the federal definition is limited solely to optical isomers. Davis did not raise this argument below and we conclude that there was no plain error. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

For these reasons, the district court correctly determined that Davis's Idaho conviction for delivery of a controlled substance qualified as a "serious drug offense" and, therefore, we affirm Davis's sentence.

**AFFIRMED.**